## In re WALKER.
### No. 2766.

Court of Customs and Patent Appeals.
May 27, 1931.

Warren R. Walker (Frederick Transom, of Washington, D. C., and Thos. H. Brown, of Hoboken, N. J., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the primary examiner rejecting claims 1 to 5, inclusive, and 9 and 10, in appellant's application for a patent for an alleged invention relating to improvements in electric switches.

Claims 1, 3, and 9 are illustrative. They read:

"1. In a gas proof electric switch, a glass tube mercury switch, a plurality of coaxially pivoted supports therefor, electrical connections from the switch terminals to the pivots of said supports, a gas tight casing about said switch and its pivotal support, leads through gas tight passages from said pivots to points outside said casing, and a key member for operating said switch which extends through said casing and mechanically connects with the pivoted support of said switch, and a gas tight packing between said key and the casing."

"3. In a gas proof electric switch a liquid flow glass switch hermetically sealed, a plurality of coaxially pivoted supports therefor which serve also as terminal leads, a gas tight casing about said switch and its pivotal support, leads through gas tight passages from said pivotal supports to points outside said casing, a key member for operating said switch which extends through said casing and mechanically connects with the pivoted support of said switch, and a gas tight packing between said key and the casing."

"9. In an ignition proof switch, for use in explosive atmospheres, hermetically sealed glass inclosed switch elements, designed to open and close an electric circuit, in combination with an hermetically sealed outer casing also inclosing said switch elements, and means for operating the switch elements from the explosive atmosphere side of the casing."

The references are:
Stoekle, 1,492,584, May 6, 1924.
White (Brit.), 13,602, June 13, 1906.
Kirwan (Brit.), 26,088, May 11, 1910.

The purpose of the alleged invention is to provide an electric switch mechanism which may be used with safety in the presence of explosive gases.

The fundamental combination claimed, according to counsel for appellant, is an electric switch mechanism surrounded by two inclosures, one of which is made of glass.

The invention is fully defined in the quoted claims, and need not be further described.

The patent to Stoekle discloses an electric switch of the mercury type used by appellant.

The British patent to White discloses an electric switch inclosed within a water tight sealed casing.

The patent to Kirwan discloses a mercury switch inclosed within a casing, the

details of which have been fully described in the decisions below.

In its decision denying the patentability of the involved claims, the Board of Appeals, among other things, said:

"Claims 1 and 2 require that a glass tube mercury switch be mounted upon pivots and provided with electrical connections and that it be mounted in a gas tight casing on pivotal supports and that a key or shaft extend through the wall of the casing in gas tight relation thereto to actuate the switch. This combination is fully anticipated by broadly associating the mercury switch element of Kirwan in the water tight casing shown by White and where it could be actuated by the key or shaft extending in water tight relation through the wall. We agree with the examiner's position that where the patent to White discloses a water tight casing it involves no invention to utilize it as a gas tight casing. If it is water tight it will undoubtedly be gas tight enough for applicant's purpose in that gases would not diffuse through such tight fitting bearings. There would be no difference in pressure causing such transfer of gas into and out of the casing. We find no patentable novelty in the broad substitution of the glass tube for the insulating fibre of which Kirwan's mercury cup is composed. We can find no reason why the material of the tube functions in any different or unexpected way by reason of its being made of glass. It would seem to be still more secure against breakage if made of fibre.

"Claims 3, 4 and 5 add the limitation that the glass container is hermetically sealed. This is regarded as being only an obvious detail if it is desired to use the device for the particular purpose contemplated by applicant. It may be noted, however, that Stoekle shows that this feature is old in the glass mercury switch.

"Claims 9 and 10 emphasize that the outer casing is hermetically sealed and it is contended by applicant that this provides a double safety precaution. While this is true we believe it to be only a mere addition or duplication of the safety features and to be a matter of choice. This combination is entirely anticipated if the hermetically closed glass mercury element of Stoekle be substituted bodily for the knife blade or snap switch of White, only the simplest order of mechanical modification being necessary to connect these two elements inside of White's casing such as placing the glass cylinder of Stoekle concentric with the actuating shaft g of White.

"On careful consideration we are unable to find patentable novelty in this broad association even considering the double safety feature discussed by applicant. We believe the association of these two disclosures to involve only simple substitution and the matter of double safety to be only in the nature of addition or duplication without any new patentable cooperation."

Counsel for appellant has earnestly and ably argued that appellant's structure is novel; that new and useful results are obtained therefrom; and that appellant is entitled to a patent.

However, although we have given careful consideration to the arguments presented by counsel for appellant, we are unable to say that the tribunals of the Patent Office erred in denying the patentability of the involved claims. On the contrary, we are in accord with both the reasoning and the conclusion reached by them.

The decision of the Board of Appeals is affirmed.

Affirmed.